UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MICHELLE WILLIAMS DRYDEN,

        Plaintiff,

  v.

                                 Case No. 20-cv-402-pp

ANDREW M. SAUL,

        Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 3)**

---

The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying her claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. She also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

Based on the facts in the plaintiff's affidavit, the court concludes that she does not have the ability to pay the filing fee. The plaintiff's affidavit indicates that she is not employed, she is not married, and that she has no dependents she is responsible for supporting. Dkt. No. 3 at 1. However, there are some indications that the plaintiff does have children she is responsible for. The plaintiff's stated monthly income of $867 includes $509 in food stamps and

1

*$358 in child support.* Id. at 2. The only expenses the plaintiff lists are $867 in other household expenses. Id. at 2. The plaintiff does not own a car, her home, or any other property of value, and she has no cash on hand or in a checking or savings account. Id. at 3-4. The plaintiff states, "I only receive *child support* and Food Stamps which I use for groceries, cell phone bill and anything *else for my two children.* I live with a friend who pays all of the other bills and supports me *and my children.* I have nothing left and I cannot afford the filing fees." Id. at 4. Despite this seeming contradiction, the plaintiff has demonstrated that she cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint indicates that she is seeking Social Security disability benefits, that she has received an unfavorable decision from the Commissioner, that she was disabled during the time period included in this case and that the unfavorable conclusions and findings of fact by the Commissioner when denying benefits are not supported by substantial

2

evidence and/or are contrary to law and regulation. Dkt. No. 1 at 2. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

Dated in Milwaukee, Wisconsin this 18th day of March, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**